MEMORANDUM *
Omar Enrique Nava-Maytorel appeals the district court’s denial of his motions to suppress particular evidence and statements, and challenges the 72-month sentence imposed following his bench-trial conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, but remand for resentencing.
Nava-Maytorel contends that he was unlawfully seized during his encounter with Border Patrol agents and, therefore, the district court erred by failing to suppress the evidence obtained during the subsequent search of his vehicle. We review de novo the district court’s ruling on a motion to suppress. See United States v. Evans, 786 F.3d 779, 784 (9th Cir. 2015). Contrary to Nava-Maytorel’s contention, the record reflects that the district court concluded that the approximately five-minute encounter was an investigative seizure supported by adequate suspicion. We agree.
At the suppression hearing, the district court credited testimony from Border Patrol agents regarding the observations that led them to initiate the encounter with Nava-Maytorel. Specifically, the agents testified’ that Nava-Maytorel abruptly changed lanes upon passing a marked Border Patrol vehicle, and then pulled into a rest stop that the agents believed was a common staging area for smugglers. The agents further testified that Nava-Maytorel’s passenger appeared inordinately concerned about the presence of Border Patrol at the rest stop, and that, after parking and exiting his vehicle, Nava-Maytorel “flashed” his immigration papers and stretched in a manner that appeared exaggerated. Finally, the agents testified that a records check indicated that Nava-Maytorel’s vehicle had crossed over from Mexico earlier that day.
*483 We assume, without deciding, that Nava-Maytorel was seized when, during the course of the encounter, an agent obtained and failed to return his immigration documents. See United States v. Chan-Jimenez, 125 F.3d 1324, 1326 (9th Cir. 1997). However, giving due weight to the inferences drawn by the Border Patrol agents, see Evans, 786 F.3d at 788, and recognizing that “sometimes conduct that may be entirely innocuous when viewed in isolation may properly be considered in arriving at a determination that reasonable suspicion exists,” see United States v. Montero-Camargo, 208 F.3d 1122, 1130 (9th Cir. 2000), we conclude that the district court correctly found that the approximately five-minute encounter was a permissible investigative seizure based on “reasonable suspicion supported by articu-lable facts that criminal activity ‘may be afoot.’ ” See United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
Nava-Maytorel next contends that, even if the initial encounter was lawful, the district court should have suppressed the evidence because his subsequent consent to a search of his vehicle was involuntary. We review for clear error the district court’s determination that a defendant voluntarily consented to a search. See United States v. Washington, 490 F.3d 765, 769 (9th Cir. 2007). Whether consent is voluntary is a determination that we must make by evaluating the totality of the circumstances, and by looking to several factors. See United States v. Patayan Soriano, 361 F.3d 494, 502-03 (9th Cir. 2004). Here, though Nava-Maytorel was not advised that he could refuse consent, the remainder of the relevant factors indicate that his consent was voluntary. Nava-Maytorel was not in custody, and Miranda warnings were not required. See United States v. Basher, 629 F.3d 1161, 1168 (9th Cir. 2011) (for purposes of a voluntariness analysis, defendant subject to a Terry stop is not in custody and whether Miranda warnings were given is “inapposite”). It is undisputed that the agents did not draw their weapons. Finally, the agents did not suggest that failure to give consent “would be futile because the officers could obtain a search warrant if they so desired.” See Washington, 490 F.3d at 776. Under these circumstances, the district court did not clearly err in determining that Nava-May-torel’s consent was given voluntarily. See United States v. Perez-Lopez, 348 F.3d 839, 845 (9th Cir. 2003).
Nava-Maytorel next contends that the district court erred by denying his motion to suppress his post-arrest statements on the basis that they were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We review de novo the adequacy of a Miranda warning. United States v. Williams, 435 F.3d 1148, 1151 (9th Cir. 2006). To the extent that Nava-Maytorel argues that his Spanish-language Miranda advisement was inadequate because the translation was ambiguous, this claim is waived. See United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The record reflects that Nava-Maytorel was advised that, if he could not pay for the services of an attorney, one would be appointed for him. The parties agree that Nava-Maytorel asked whether it was “necessary” to have an attorney present, and that the admonishing agent responded that it was Nava-Maytorel’s “right,” but it was “not necessary.” Like the district court, we reject Nava-Mayto-rel’s contention that this response was ambiguous or misleading. To the contrary, the record reflects that the Miranda advisement was adequate. See Miranda, 384 U.S. at 479, 86 S.Ct. 1602.
*484 Finally, Nava-Maytorel contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. The district court did not fully consider the recent amendment to the Guidelines governing minor role adjustments, or have the benefit of our recent decision that the amendment applies retroactively to direct appeals. See United States v. Quintero-Leyva, 823 F.3d 519, 524 (9th Cir. 2016). Accordingly, we vacate the sentence and remand for resentencing so that the district court may consider Nava-Maytorel’s request for a minor role reduction in light of the amended Guidelines. See id.
VACATED in part, and REMANDED for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.